PER CURIAM.
Henry Lee Baker, IV, appeals the sentence imposed following his conviction for attempted second-degree murder. Baker, who was sixteen years old at the time of the offense and nineteen years old during sentencing, shot a police officer at an apartment complex. The jury found that the victim was a law enforcement officer engaged in the lawful performance of a legal duty, that Baker possessed and discharged a firearm, and that as a result, he inflicted great bodily harm. Baker is currently serving a fifty-four-year sentence.
In initially affirming Baker's sentence, this Court followed its precedent in Henry v. State, 82 So.3d 1084 (Fla. 5th DCA 2012), where we held that an aggregate sentence of ninety years imposed on a juvenile did not violate the Eighth Amendment. Baker v. State, 136 So.3d 1231 (Fla. 5th DCA 2014). However, the Florida Supreme Court overturned our precedent in Henry v. State, 175 So.3d 675 (Fla. 2015), and accordingly quashed our decision in Baker v. State, 43 Fla. L. Weekly S507, 2018 WL 5116551 (Fla. Oct. 19, 2018).
Pursuant to the supreme court's decision in Lee v. State, 234 So.3d 562 (Fla. 2018), Baker is entitled to resentencing under the juvenile sentencing provisions in chapter 2014-220, Laws of Florida, codified in sections 775.082, 921.1401, and 921.1402 of the Florida Statutes, allowing him the opportunity for early release based on a demonstration of maturity and rehabilitation.
*640 REVERSED AND REMANDED FOR RESENTENCING.
COHEN, C.J., BERGER and WALLIS, JJ., concur.